OF THE

## STATE OF ILLINOIS,

DELIVERED

## AT THE DECEMBER TERM 1847,

AT SPRINGFIELD.

---

PETER H. JOHNSON *et al.*, appellants, *v.* NEWMAN L. BAR-
BER, appellee.

*Appeal from Kane.*

Where an appeal was prayed by the defendants in a suit in the Circuit Court and
allowed on the "condition that *they* file their bonds," &c. the appeal bond
being executed by one only, the appeal was, in the Supreme Court, dismissed
on motion.

|  |  |
|---|---|
| 9 | 1 |
| 152 | 217 |
| 9 | 1 |
| 73a | 669 |
| 4g | 1 |
| 210 | 603 |

TRESPASS ON THE CASE, brought by the appellee in the
Kane Circuit Court against the appellants. The cause was
heard before the Hon. John D. Caton and a jury, at the April
term 1847, when a verdict of guilty was rendered against
the defendants below for $489. Judgment by the Court
thereon.

An appeal being prayed, it was allowed by the Court "on
condition that they file their bonds in ninety days in the

Johnson *et al. v.* Barber.

penal sum of six hundred and fifty dollars, with Jacob John-son as their security, conditioned as the law directs." On the 9th of June, 1847, within the time fixed by the Court, a bond was filed in the Clerk's office, executed by Peter H. Johnson and Jacob Johnson, in the penal sum of $1000. The appeal was entered in this Court.

*W. D. Barry,* and *A. T. Bledsoe,* for the appellees, moved the Court to dismiss the appeal, for the following reasons, to wit:

1.  The order of the Circuit Court granting the appeal, has not been complied with;

2.  Because there has been no appeal bond filed, as required by the Circuit Court at the time of granting the appeal;

3.  Because one of the defendants in the Circuit Court, (John B. Johnson,) did not join in the appeal bond; and

4.  Because the appeal bond is, in other respects, wholly insufficient.

*L. Trumbull,* for the appellants, entered a cross motion for leave to amend the appeal bond, which was refused.

PER CURIAM. The motion to dismiss the appeal must be sustained. The record shows that the appeal was prayed by the "defendants," and not by one of them. The order of the Circuit Court required that *they* file a bond, but Peter H. Johnson only has executed it. The order has not been complied with, and as has before been decided by this Court in the cases of *Carson* v. *Merle,* 3 Scam. 168, *Ryder* v. *Stevenson,* ib. 539, and *Watson* v. *Thrall,* 3 Gilm. 69, the appeal must be dismissed with costs.

*Appeal dismissed.*